UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Petitioner-Plaintiff,

v.

DAVID JENNINGS, et al.,

    Respondents-Defendants.

Case No. 21-cv-08567-JST

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF No. 25

Before the Court is Petitioner Jane Doe's[1] application for a temporary restraining order. ECF No. 25. Because the Court concludes that Doe has not "clearly show[n] that immediate and irreparable injury, loss, or damage will result to [her] before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b)(1)(A), the Court will deny her application for a TRO and convert her motion into one for the issuance of a preliminary injunction.

I.  **BACKGROUND**

On November 3, 2021, Doe filed a petition for a writ of habeas corpus and a complaint for declaratory and injunctive relief against four government officials ("Respondents") in their official capacity, including officials of Immigration & Customs Enforcement ("ICE"). ECF No. 1. "Doe is a 43-year-old queer and transgender national of El Salvador who is diagnosed with Schizophrenia, Posttraumatic Stress Disorder ("PTSD") and Major Neurocognitive Disorder." *Id.* at 2. She is being detained at ICE's Mesa Verde Detention Facility. *Id.* at 2-3. Her mental health illnesses render her unable to meaningfully communicate with her counsel. *Id.* at 3. In her

---

[1] On November 12, the Court granted Petitioner's unopposed motion to proceed under a pseudonym, ECF No. 19, and therefore refers to Petitioner as "Jane Doe" and "Doe" throughout this Order.

petition, she brings claims under the Rehabilitation Act, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Immigration and Nation Act's implementing regulations, and the Administrative Procedure Act. *Id.* passim. She seeks an order "for her release so that she may receive proper psychiatric treatment" or, "[a]t a minimum . . . a new bond hearing before an Immigration Judge." *Id.* at 3-4.

On November 24, 2021, the parties filed a joint stipulation with this Court to remove Doe "from immigration custody to a secure facility for emergency psychiatric care." ECF No. 20 at 2. The Court granted the stipulation that day, ECF No. 21, and Doe is currently receiving treatment at White Memorial Hospital, pursuant to Cal. Wel. & Inst. Code § 5150. The parties now disagree regarding the appropriate next steps. Once she completes emergency psychiatric care, Doe is likely to receive a referral for inpatient residential treatment at a long-term psychiatric facility. *See* ECF No. 25 at 2, 6. Such referral may come as soon as today, and Doe may have "only a few hours to act on it." ECF No. 25 at 2. However, "due to her significant criminal history," Respondents are unwilling to release Doe to an unidentified, potentially non-secure facility. ECF No. 20 at 2. Thus, Respondents will agree to allow Doe's release to a long-term inpatient facility only if it determines that the facility is adequately secure; absent such approval, Doe will be returned to ICE custody. *Id.* at 6.

Doe now seeks a temporary restraining order compelling Respondents to permit Doe to transfer to a long-term inpatient facility regardless of whether they approve that facility, and to prevent Respondents from returning her to ICE custody. ECF No. 25. She argues that once she no longer requires emergency psychiatric care, "the law requires that she be permitted to continue receiving medically proscribed treatment in a residential setting." ECF No. 20 at 2.

**II.     JURISDICTION**

The Court possesses jurisdiction under 28 U.S.C. § 1331.

**III.    LEGAL STANDARD**

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a temporary restraining order "must establish that he

2

is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant a temporary restraining order, a court must find that "a certain threshold showing is made on each factor." *Leiva–Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Even if the moving party is unable to show a likelihood of success on the merits, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotations omitted).

The Court may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "The issuance of *ex parte* temporary restraining orders is 'extremely limited' because 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *McGhee v. City of Flagstaff*, No. CV-20-08081-PCT-GMS, 2020 WL 1888985, at *1 (D. Ariz. Apr. 15, 2020) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)).

**IV.  DISCUSSION**

As an initial matter, the Court notes that Doe has been aware of the need to seek equitable relief since at least November 1, 2021,[2] but waited until yesterday to file her application. ECF No.

---

[2] As evidenced by the declarations attached to Doe's original petition, her need for emergency psychiatric treatment followed by long-term inpatient psychiatric care has been known since at

3

1    25 at 4-5. A plaintiff's delay in seeking relief weighs against granting a TRO. *Devasahayam v.*
2    *DMB Cap. Grp.*, No. 3:17-cv-02095-BEN-WVG, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20,
3    2017) (holding that one month delay was "reason enough to deny a TRO"); *Dahl v. Swift Distrib.,*
4    *Inc.*, No. CV 10-00551 SJO (RZx), 2010 WL 1458957, at *4 (C.D. Cal. Apr. 1, 2010) (noting that
5    an eighteen-day delay in filing TRO application "implies a lack of urgency and irreparable harm,"
6    especially when the plaintiff "fails to explain why he was unable to seek relief 'earlier by a motion
7    for [injunction], avoiding the necessity for a last-minute [temporary restraining order]'"). Doe
8    does not adequately address the reason for her delay. That the parties were engaged in
9    negotiations regarding a potential settlement did not preclude Doe from also seeking relief from
10   the Court when the need became apparent. An earlier-filed application would have allowed time
11   for notice to Respondents and an opportunity to be heard. That delay is "reason enough to deny"
12   the TRO. *Devasahayam*, 2017 WL 6547897, at *4.

13   Furthermore, Doe has not "clearly show[n] that immediate and irreparable injury, loss, or
14   damage will result to [her] before [Respondents] can be heard in opposition." Fed. R. Civ. P.
15   65(b)(1)(A). Doe argues that if White Memorial Hospital identifies a residential treatment
16   program with immediate availability, she may only have a few hours to commit or lose the
17   opportunity to participate in the program. ECF No. 25-1 at 8. But Doe has not yet established that
18   she cannot obtain a similar referral should the Court rule in her favor after more extensive briefing
19   and a hearing on this matter. In this regard, the Court notes that the LA Mission residential
20   treatment program confirmed that "if Ms. Doe was released from immigration custody, she could
21   join their long-term residential, dual diagnosis treatment program" subject to a delay due to
22   COVID. ECF No. 25-2 at 5, 9. Thus, the record suggests that even if the Court ultimately rules in
23   Doe's favor, her options will extend beyond merely the single time-limited referral she now
24   expects to receive. Doe has not adequately addressed this option in her briefing.

25   In striking this balance, the Court must also consider the public safety, a topic on which
26   Respondents have yet to be heard. Doe has already been adjudged to be a danger to the

27   _____
28   least August 12, 2021. *See* ECF No. 1-2 at 160.

community, based not only on her criminal history (which includes a conviction for attempted murder), but her conduct while in CDCR prison custody and following her release. ECF No. 25-3 at 130-35. Adding to the Court's concern is that Doe herself states that her "mental health condition has worsened" in the past two and a half years. ECF No. 25-1 at 7. After consideration of a fuller record, the Court may nonetheless ultimately rule in Doe's favor and allow her to receive long-term inpatient care, or Respondents may agree to that outcome, rendering Doe's application moot. But the Court is unwilling to make that determination until Respondents have a chance to be heard.[3]

## CONCLUSION

Because Doe has not clearly shown that immediate and irreparable injury, loss, or damage will result to her before Respondents can be heard in opposition, her motion for a temporary restraining order is denied. The Court *sua sponte* converts her motion to one for a preliminary injunction. *See JW Gaming Dev., LLC v. James*, No. 3:18-CV-02669-WHO, 2021 WL 2531087, at *1 (N.D. Cal. June 21, 2021); *Multiquip Inc. v. Water Mgmt. Sys. LLC*, No. CV 08-403-S-EJL, 2009 WL 1469003, at *5 (D. Idaho May 22, 2009). Respondents' opposition is due December 7, 2021; Doe's reply brief is due December 10, 2021; and the Court will hold a hearing on the motion on December 16, 2021 at 9:30 a.m.

In the meantime, the parties are encouraged to continue to attempt to find a mutually agreeable resolution.

**IT IS SO ORDERED.**

Dated: December 2, 2021

JON S. TIGAR
United States District Judge

---

[3] Having reached this conclusion, the Court need not reach now Doe's likelihood of success on the merits.

5